UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDY N. MILLER,<br>　　Petitioner, | Case No. 1:21-cv-334 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, OHIO<br>REFORMATORY FOR WOMEN,<br>　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ohio Reformatory for Women, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 6). This matter is before the Court on the petition, respondent's return of writ (Doc. 12), and petitioner's reply (Doc. 14).

For the reasons stated below, it is recommended that the petition be denied.

## I.  PROCEDURAL BACKGROUND

### State Trial Proceeding

On December 20, 2017, the Lawrence County, Ohio, grand jury returned a three-count indictment charging petitioner with one count each of complicity to aggravated murder, complicity to kidnapping, and tampering with evidence. (Doc. 11, Ex. 1). After initially entering a not-guilty plea, petitioner, with the assistance of counsel, executed a document entitled "proceeding on plea of guilty" and waived her right to a jury trial. (Doc. 11, Ex. 2, 3). Pursuant to a negotiated plea agreement, petitioner entered a guilty plea to one count of complicity to commit aggravated murder. In exchange for the guilty plea the state moved to nolle the remaining two counts. (*See* Doc. 11, Ex. 20 at PageID 180-82). The trial court accepted petitioner's guilty plea and found her guilty. (Doc. 11, Ex. 4). On March 21, 2018, petitioner

was sentenced to serve the joint and recommended sentence of life imprisonment with the possibility of parole after serving twenty years. (Doc. 11, Ex. 5; Ex. 20 at PageID 194). An amended judgment entry was entered on March 27, 2018. (Doc. 11, Ex. 6).

### Direct Appeal

On April 23, 2018, petitioner filed a pro se notice of appeal to the Ohio Court of Appeals. (Doc. 11, Ex. 7). On May 14, 2018, petitioner, through counsel, filed a notice of appeal and motion for leave to file a delayed appeal. (Doc. 11, Ex. 9, 10). The Ohio Court of Appeals granted petitioner's motion for leave to file a delayed appeal. (Doc. 11, Ex. 11).

On September 28, 2018, counsel for petitioner filed a motion for relief of counsel, noting that counsel could not find any appealable issues. (Doc. 11, Ex. 12). The appeals court granted the motion and appointed new appellate counsel. (Doc. 11, Ex. 13).

Petitioner, through new counsel, raised the following two assignments of error in her merit brief:

1. Appellant's guilty plea was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution and Crim. R. 11(C).

2. Appellant Miller was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when her counsel advised her to plead guilty to the charge of complicity to aggravated murder.

(Doc. 11, Ex. 14). On October 9, 2019, the Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 11, Ex. 16).

Petitioner failed to file a timely appeal to the Ohio Supreme Court.

### Ohio Supreme Court

On April 28, 2020, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court. (Doc. 11, Ex. 17, 18). Petitioner explained that her

failure to file a timely appeal was because she was seeking an attorney to represent her in the Ohio Supreme Court and, as a pro se litigant, she had limited access to a law library or legal assistance. (*See* Doc. 11, Ex. 18 at PageID 160). The Ohio Supreme Court denied petitioner's motion for a delayed appeal on July 7, 2020. (Doc. 11, Ex. 19).

### Federal Habeas Corpus

Petitioner filed the instant habeas corpus action on May 17, 2021. (*See* Doc. 1). Petitioner raises the following two grounds for relief in the petition:

> **GROUND ONE**: Petitioner's guilty plea was obtained in violation of her 5th, and 14th Amendment U.S. Constitutional Rights.
>
> **Supporting facts**: Ms. Miller's guilty plea was not knowingly, voluntary, or intelligently made, because her attorney failed to advise her concerning the mens rea element of her crime.
>
> **GROUND TWO**: Petitioner was denied effective assistance of counsel, in violation of her 6th and 14th U.S. Constitutional Rights.
>
> **Supporting facts**: Counsel failed to properly and accurately advise Petitioner concerning the mens rea of her crime. The record does not demonstrate that counsel discussed the law and its application to her at her change of plea hearing, or when she signed her plea agreement.

(Doc. 6).

Respondent has filed a return of writ in response to the petition, to which petitioner has replied. (Doc. 12, 14). According to respondent, petitioner's grounds for relief are without merit and procedurally defaulted and waived.

### II. THE PETITION SHOULD BE DENIED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28

U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented her constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present her constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, she may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted h[er] federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

4

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if she fails to present an issue to a state appellate court at her only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if she fails to comply with a state procedural rule that required her to have done something to preserve the issue for appellate review.  *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .  Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012).  Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from the procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice."  *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669.  *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner procedurally defaulted her grounds for relief by failing to fairly present them to the Ohio Supreme Court. Petitioner raised her grounds for relief as assignments of error on direct appeal to the Ohio Court of Appeals. (*See* Doc. 11, Ex. 14). However, petitioner committed a procedural default by failing to pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' October 9, 2019 decision affirming the judgment of the trial court. (*See* Doc. 11, Ex. 16). Although petitioner later attempted to obtain a delayed appeal with the Ohio Supreme Court, the state's highest court denied petitioner leave to pursue such an appeal. (*See* Doc. 11, Ex. 19).

The Sixth Circuit has held that the Ohio Supreme Court's unexplained entry denying a motion for leave to file a delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that "[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute[s] adequate and independent state grounds to preclude hearing an untimely claim on the merits"). Here, as in *Bonilla* and *Baker*, because petitioner failed to pursue a timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied petitioner leave to file a delayed appeal, the state's highest court never had the opportunity to consider the merits of the claims alleged in the petition. Consequently, by failing to fairly present her constitutional claims to the Ohio Supreme Court, petitioner has waived her claims absent a showing of cause for her default and actual prejudice as a result of the alleged errors, or that the failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750. *See also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to h[er;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray,* 477 U.S. at 488). "Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing that a factual or legal basis for a claim was not previously available." *Wilson v. Hurley,* 382 F. App'x 471, 478 (6th Cir. 2010) (citing *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991)).

Petitioner has not argued, much less demonstrated, cause to excuse the procedural default. Petitioner does not address her failure to present her claims to the Ohio Supreme Court in her petition or reply to the return of writ. In support of her delayed appeal motion to the Ohio Supreme Court, petitioner stated that her untimely filing was due to her unsuccessful attempt to secure counsel, pro se status, and limited law library access. (*See* Doc. 11, Ex. 18 at PageID 160). However, petitioner did not have a constitutional right to counsel on appeal to the Ohio Supreme Court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Furthermore, petitioner's pro se status, ignorance of the law or procedural requirements, and limited access to legal materials are insufficient to constitute cause. *Rogers v. Warden*, No. 1:10-cv-397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Report and Recommendation), *adopted*, 2011 WL 1753711 (S.D. Ohio May 9, 2011); *see also Bonilla,* 370 F.3d at 498 (holding that the petitioner's pro se status and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause for his failure to perfect a timely appeal to the Ohio Supreme Court).

Furthermore, petitioner has not specified what further research was needed to present her claims to the Ohio Supreme Court, which were fully briefed by counsel on direct appeal to the

7

Ohio Court of Appeals. *See, e.g.*, *Doliboa v. Warden*, 503 F. App'x 358, 360 (6th Cir. 2012) (noting that the petitioner failed to explain how the lack of access to legal materials prevented him from advancing "the very arguments that his former counsel articulated—and supported with case law—in [petitioner's] intermediate appeal to the Ohio Court of Appeals" in finding that petitioner failed to establish cause). *See also Ervin v. Jarvis*, No. 16-4239, 2017 WL 5178932, at *3 (6th Cir. May 31, 2017) ("With respect to a law library . . . [t]he inmate must show that the inadequacy of the prison's legal resources made it impossible for h[er] to access the courts to raise h[er] claims.") (internal quotation marks and citations omitted). Accordingly, petitioner has not demonstrated cause to overcome the default of her claims.

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if her procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495–96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse her procedural default, petitioner must "support h[er] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327–28. "[A] petitioner does not meet the threshold requirement unless [s]he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find h[er] guilty beyond a reasonable doubt." *Id*. at 329. The Court notes that actual innocence, which would permit

collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as she has not supported her allegations of constitutional error with any new evidence of actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316. Petitioner has not demonstrated that the procedural default of her claims should be excused under the "fundamental miscarriage of justice" exception. Therefore, petitioner has procedurally defaulted and waived the claims raised in the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

9

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/22/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDY N. MILLER,
    Petitioner,

vs.

WARDEN, OHIO
REFORMATORY FOR WOMEN,
    Respondent.

Case No. 1:21-cv-334

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).