UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDY N. MILLER,<br>　　Petitioner, | Case No. 1:21-cv-334 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, OHIO<br>REFORMATORY FOR WOMEN,<br>　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ohio Reformatory for Women, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. 6). On February 22, 2022, the undersigned issued a Report and Recommendation to deny the petition, which remains pending. (Doc. 15). This matter is now before the Court on petitioner's motion to stay proceedings. (Doc. 19).

For the reasons stated below, it is recommended that petitioner's motion to stay proceedings (Doc. 19) be denied.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present her claims through the requisite levels of state appellate review, but still has an avenue open to her in the state courts by which she may present the claims, her petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

The 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) "preserve[s] *Lundy*'s total exhaustion requirement" and "impose[s] a one-year statute of limitations on the filing of federal habeas petitions." *Rhines v. Weber,* 544 U.S. 269, 275 (2005). Some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and the petitioner subsequently returns to federal court to present her claims in a renewed petition after exhausting her state remedies only to find that her claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. §

2

2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all h[er] claims in state court prior to filing h[er] federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust h[er] claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of

3

discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. On the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for h[er] failure to exhaust, h[er] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

A stay is not warranted in this case. In May 2021, petitioner commenced the instant federal habeas corpus action, raising the following two grounds for relief:

> **GROUND ONE**: Petitioner's guilty plea was obtained in violation of her 5th, and 14th Amendment U.S. Constitutional Rights.
>
> **Supporting facts**: Ms. Miller's guilty plea was not knowingly, voluntary, or intelligently made, because her attorney failed to advise her concerning the mens rea element of her crime.
>
> **GROUND TWO**: Petitioner was denied effective assistance of counsel, in violation of her 6th and 14th U.S. Constitutional Rights.
>
> **Supporting facts**: Counsel failed to properly and accurately advise Petitioner concerning the mens rea of her crime. The record does not demonstrate that counsel discussed the law and its application to her at her change of plea hearing, or when she signed her plea agreement.

(Doc. 6).

As detailed in the pending Report and Recommendation, petitioner procedurally defaulted her grounds for relief by failing to fairly present her claims to the Ohio Supreme Court. (*See* Doc. 15 at PageID 234-37). Petitioner raised her grounds for relief as assignments of error on direct appeal (*See* Doc. 11, Ex. 14) but failed to pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision affirming the judgment of the trial court. (*See*

4

Doc. 11, Ex. 16). Although petitioner later attempted to obtain a delayed appeal with the Ohio Supreme Court, petitioner procedurally defaulted her grounds for relief when the state's highest court denied petitioner leave to pursue such an appeal. (*See* Doc. 11, Ex. 19). *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that "[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute[s] adequate and independent state grounds to preclude hearing an untimely claim on the merits"). Because petitioner failed to demonstrate cause for her procedural default or that a fundamental miscarriage of justice will occur if her procedurally-defaulted claims for relief are not considered, it has been recommended that the petition be denied.

      Petitioner now seeks a stay and abeyance "so that she may go back to the state courts to fully exhaust all her remedies." (Doc. 19 at PageID 257). However, as noted by respondent in opposition to the motion, petitioner does not specify the claims she seeks to exhaust or identify any available remedies with respect to her grounds for relief. (*See* Doc. 21). Petitioner reasserts the allegations in her two grounds for relief—that she is actually innocent and that trial counsel rendered ineffective assistance resulting in an involuntary guilty plea—but fails to indicate how she intends to exhaust these claim in the state courts. (*See* Doc. 19 at PageID 258-59). As discussed in the pending Report and Recommendation, petitioner exhausted her state-court remedies by presenting the claims on direct appeal and in a motion for leave to file a delayed appeal in the Ohio Supreme Court. Absent any available state-court remedies, the Court has no basis to stay this action.[1]

---

[1] To the extent that petitioner claims that the Ohio Supreme Court improperly denied her delayed appeal motion (*see*

5

Finally, for the first time, petitioner asserts in her motion to stay that her appellate counsel failed to inform her that an appeal must be filed within 45 days of the Ohio Court of Appeals' decision. (Doc. 19 at PageID 260). As noted in the pending Report and Recommendation, petitioner previously failed to raise any argument regarding her failure to pursue a timely appeal to the Ohio Supreme Court and in her delayed appeal motion argued that the delay was due to her seeking representation, pro se status, and lack of law library access. (*See* Doc. 15 at PageID 235-36). To the extent that petitioner may contend that appellate counsel's failure to advise her of the filing deadline constitutes cause for her procedural defaults, her argument is unavailing.

Ineffective assistance of appellate counsel can provide cause for a procedural default unless the ineffective assistance of appellate counsel claim is itself procedurally defaulted. *See Murray v. Carrier,* 477 U.S. 478, 488-89 (1986). *See also Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). "Under Ohio law, a criminal defendant must raise h[er] ineffective assistance of appellate counsel claim in an application for reopening (i.e., a motion for delayed reconsideration) filed 'in the court of appeals where the alleged error took place.'" *Fautenberry v. Mitchell*, 515 F.3d 614, 639 (6th

---

Doc. 19 at PageID 259), petitioner raises an issue of state law not cognizable on federal habeas corpus and, in any event, has failed to show cause for failing to seek reconsideration or appealing the decision. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). *See also Raleigh v. Warden*, No. 1:12-cv-211, 2013 WL 3934423, at *3 (S.D. Ohio July 30, 2013) ("whether or not the Ohio Supreme Court properly denied petitioner's motion for a delayed appeal under state law is not an issue for this Court on habeas review") (collecting cases) (Report & Recommendation), *adopted,* 2014 WL 2871324 (S.D. Ohio June 24, 2014).

Similarly, to the extent that petitioner may seek to further pursue her claim of actual innocence in the state courts, this claim does not constitute an independent ground for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). As previously determined, petitioner has otherwise failed to come forward with any new evidence of actual innocence, as is required to excuse a procedurally defaulted claim. (*See* Doc. 15 at PageID 236-37).

Cir. 2008) (quoting *State v. Murnahan*, 584 N.E.2d 1204, 1209 (1992)); *see also Williams v. Lazaroff*, 648 F. App'x 548, 553 (6th Cir. 2016). Ohio Rule of Appellate Procedure 26(B) permits a criminal defendant to file an application for reopening an appeal within ninety days of the appellate judgment "unless the applicant shows good cause for filing at a later time." Ohio R. App. P. 26(B)(1). In this case, petitioner has never presented her ineffective assistance of counsel claim to the Ohio courts and has not offered any cause for her failure to do so in the three years following the Ohio Supreme Court's July 7, 2020 denial of her delayed appeal motion. (*See* Doc. 11, Ex. 19). Unexhausted ineffective-assistance-of-appellate-counsel claims may be deemed procedurally defaulted when, as here, a criminal defendant fails to provide cause for failing to file a Rule 26(B) motion for reopening within the prescribed ninety-day period. *See Goldberg v. Maloney*, 692 F.3d 534, 538 n.3 (6th Cir. 2012). Because petitioner's ineffective assistance of appellate counsel is itself procedurally defaulted, it cannot serve as cause to excuse the procedural default of her grounds for relief and does not serve as a basis for staying this action.

Accordingly, in sum, petitioner's motion to stay (Doc. 19) should be **DENIED.**

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 8/15/2023

Karen L. Litkovitz
United States Magistrate Judge