UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDY N. MILLER, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN, OHIO REFORMATORY FOR WOMEN, <br><br> Defendant. | Case No. 1:21-CV-334 <br><br> Judge Michael R. Barrett <br><br><br><br> **OPINION & ORDER** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of February 22, 2022. (Doc. 15). Proper notice was afforded to the parties, *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); Fed. R. Civ. P. 72(b), and Plaintiff Brandy Miller has timely objected, (Doc. 18). Also before the Court is Miller's motion to stay, (Doc. 19), the Magistrate Judge's R&R of August 15, 2023, (Doc. 22), and Miller's objections therefrom, (Doc. 24).

I. **PROCEDURAL BACKGROUND**

In 2017, a grand jury in Lawrence County returned a three-count indictment charging Miller with one count each of complicity to aggravated murder, complicity to kidnapping, and tampering with evidence. (Doc. 11, PageID 62-63). Pursuant to a written plea agreement, Miller waived her right to a jury trial and pleaded guilty to one count of complicity to aggravated murder. (*Id.*, PageID 69). In exchange, the State agreed to drop the remaining two charges. (*Id.*, PageID 181-82). After the trial court accepted Miller's

1

plea, it imposed the recommended sentence of life imprisonment with the possibility of parole after serving twenty years. (*Id.*, PageID 194).

Shortly after she was sentenced, in April 2018, Miller file a pro se notice of appeal to the Ohio Court of Appeals. Three weeks later, she filed a counseled notice of appeal and motion for leave to file a delayed appeal. In September, however, counsel informed the court that they could not find any appealable issues. The court then appointed new counsel to represent Miller, and Miller subsequently filed a counseled brief raising two assignments of error: (1) her guilty plea was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution, and Ohio Rule of Criminal Procedure 11(C); and (2) counsel rendered ineffective assistance by advising her to enter into the plea agreement. (*Id.*, PageID 126).

In October 2018, the Ohio Court of Appeals overruled Miller's assignments of error and affirmed the judgment of the trial court. (*Id.*, PageID 162-72). Miller did not file a timely appeal to the Ohio Supreme Court; in April 2020, however, she filed a pro se notice of appeal and moved for leave to file a delayed appeal. The Ohio Supreme Court denied Miller's motion in July 2020, (*id.*, PageID 178), and Miller brought the underlying petition for habeas corpus in May 2021, raising the same two assignments of error, (Doc. 1).

After review, the Magistrate Judge recommended that Miller's petition be denied, finding that the issues she sought to raise were procedurally defaulted because she failed to follow Ohio's appellate procedures. Miller objects, arguing that she raised her assignments of error before the Ohio Court of Appeals, but was not informed by counsel of the need to file a timely appeal to the Ohio Supreme Court. She contends that her failure to do so should be excused due to counsel's ineffective assistance.

2

II. **STANDARDS OF LAW**

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b). However, the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

Miller seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). However, the Court must first consider the threshold matter of procedural default. *See Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013). As relevant here, "a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's ordinary appellate review procedures." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (cleaned up). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.*; *see Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004) ("The procedural default doctrine applies to bar a federal court's review of a state prisoner's federal claim where that prisoner failed to give the state courts a 'full and fair' opportunity to resolve that claim . . . and the prisoner cannot cure that failure because state-court remedies are no longer available.").

3

Miller also seeks a stay, arguing that a failure to stay her federal habeas proceedings would result in a miscarriage of justice. A district court has the power to stay habeas proceedings and hold them in abeyance while a petitioner returns to state court to exhaust her previously unexhausted claims. *Rhines v. Weber*, 599 U.S. 269, 275-76 (2005). But "[s]tay-and-abeyance is only available in limited circumstances at the discretion of the district court and must be conditioned on time limits so as not to undermine AEDPA's objectives of streamlining habeas proceedings and encouraging finality." *Conway v. Warden*, No. 2:07-CV-947, 2023 U.S. Dist. LEXIS 44142, at *11-12 (S.D. Ohio Mar. 15, 2023).

### III. ANALYSIS

#### a. Habeas Relief

As the Magistrate Judge correctly noted, Miller procedurally defaulted both grounds for relief by failing to fairly present them to the Ohio Supreme Court. Miller eventually moved for leave to file a delayed appeal, but reasonable jurists would not debate that the Ohio Supreme Court's denial of her motion "is an adequate procedural ground to foreclose federal habeas review." *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006). Thus, federal habeas review is barred unless Miller "can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a miscarriage of justice." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The Magistrate Judge concluded that Miller's "pro se status, ignorance of the law or procedural requirements, and limited access to legal materials are insufficient to constitute cause," and that Miller "has not specified what further research was needed to

present her claims to the Ohio Supreme Court, which were fully briefed by counsel on direct appeal to the Ohio Court of Appeals." (Doc. 15, PageID 235-46). In her objections, Miller points to ineffective assistance of counsel and excusable neglect as cause to excuse her procedural default. However, her argument extends no further than a cursory statement that "[t]he failure of the [Ohio] Supreme Court to allow Ms. Miller to appeal in this case, and then the perpetuation of procedural barring at the federal level, would result in a fundamental miscarriage of justice. The argument that Ms. Miller is procedurally defaulted is flawed." (Doc. 18, PageID 17-18).

Miller otherwise fails to address the Magistrate Judge's legal reasoning or put forth any substantive objections to the R&R, and "[o]bjections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (per curiam); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Therefore, Miller's objections are not well-taken and the Court concurs with the Magistrate Judge's conclusions.

### b. Stay

As for the motion to stay, the Magistrate Judge noted that Miller did not "identify any available remedies with respect to her grounds for relief," and concluded accordingly that there is no basis to stay this matter "[a]bsent any available state-court remedies." (Doc. 22, PageID 274). In her objections, Miller contends, *inter alia*, that she is actually

innocent because "the record by itself proves that [she] could not have committed or been complicit to another person[']s actions causing an aggravated murder." (Doc. 24, PageID 283). But this is simply unsupported—Miller admitted that she helped load the unconscious and bleeding victim into the back of a truck and instructed her co-defendant to "make sure he's dead and never comes back." (Doc. 11, PageID 150).

In any event, Miller's procedurally defaulted habeas claims are not unexhausted. She has already been denied leave to file an untimely direct appeal to the Ohio Supreme Court, and she has not made the requisite showings under Ohio law for filing an untimely post-conviction petition, *see* Ohio Rev. Code § 2953.23(A), or presented any arguments that would excuse her procedural default, *cf. Rhines*, 599 U.S. at 277 (discussing, in the context of unexhausted claims, the generally inappropriate nature of a stay and abeyance). And because Miller does not otherwise provide any on-point argument in opposition to the Magistrate Judge's recommendation, "the stay and abeyance procedure is simply inapplicable to this case." *Calhoun v. Jackson*, No. 1:06-CV-782, 2007 U.S. Dist. LEXIS 103571, at *40 (S.D. Ohio Aug. 28, 2007).

**IV.     CONCLUSION**

Having conducted careful review of the R&Rs, the Court **OVERRULES** Miller's objections, and **ACCEPTS** and **ADOPTS** the R&Rs, (Doc. 15 & 22), for the reasons stated therein. Accordingly, the petition is **DENIED** with prejudice and the motion to stay is **DENIED**. Because reasonable jurists would not disagree with these conclusions, the Court declines to issue a certificate of appealability. Further, the Court certifies that any appeal to the United States Court of Appeals for the Sixth Circuit would not be taken in good faith and, consequently, Miller is **DENIED** leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                      Michael R. Barrett
                                      United States District Judge