UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDY N. MILLER, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, DAYTON CORRECTIONAL INSTITUTION, <br><br> Respondent. | Case No. 1:21-CV-334 <br><br> Judge Michael R. Barrett <br><br><br> **ORDER** |

This matter is before the Court on Petitioner Brandy N. Miller's motion for reconsideration of the order adopting the Magistrate Judge's reports and recommendations ("R&Rs") and denying her petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 27). For the following reason, the Court will deny the motion for reconsideration.

I. **PROCEDURAL BACKGROUND**

In 2017, a grand jury in Lawrence County returned a three-count indictment charging Miller with one count each of complicity to aggravated murder, complicity to kidnapping, and tampering with evidence. (Doc. 11, PageID 62-63). Pursuant to a written plea agreement, Miller waived her right to a jury trial and pleaded guilty to one count of complicity to aggravated murder. (*Id.*, PageID 69). In exchange, the State agreed to drop the remaining two charges. (*Id.*, PageID 181-82). After the trial court accepted Miller's

plea, it imposed the recommended sentence of life imprisonment with the possibility of parole after serving twenty years. (*Id.*, PageID 194).

Shortly after she was sentenced, in April 2018, Miller file a pro se notice of appeal to the Ohio Court of Appeals. Three weeks later, she filed a counseled notice of appeal and motion for leave to file a delayed appeal. In September, however, counsel informed the court that they could not find any appealable issues. The court then appointed new counsel to represent Miller, and Miller subsequently filed a counseled brief raising two assignments of error: (1) her guilty plea was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution, and Ohio Rule of Criminal Procedure 11(C); and (2) counsel rendered ineffective assistance by advising her to enter into the plea agreement. (*Id.*, PageID 126).

In October 2018, the Ohio Court of Appeals overruled Miller's assignments of error and affirmed the judgment of the trial court. (*Id.*, PageID 162-72). Miller did not file a timely appeal to the Ohio Supreme Court; in April 2020, however, she filed a pro se notice of appeal and moved for leave to file a delayed appeal. The Ohio Supreme Court denied Miller's motion in July 2020, (*id.*, PageID 178), and Miller brought the underlying petition for habeas corpus in May 2021, raising the same two assignments of error, (Doc. 1).

After review, the Magistrate Judge recommended that Miller's petition be denied, finding that the issues she sought to raise were procedurally defaulted because she failed to follow Ohio's appellate procedures. Miller objected, arguing that she raised her assignments of error before the Ohio Court of Appeals, but was not informed by counsel of the need to file a timely appeal to the Ohio Supreme Court. She thus contended that her failure to do so should have been excused by counsel's ineffective assistance.

In an opinion and order adopting the R&Rs, the Court concluded that Miller procedurally defaulted both of her grounds for habeas relief and failed to demonstrate cause and prejudice for the default or demonstrate that a failure to consider the claims would result in a miscarriage of justice. (Doc. 25, PageID 294-95). The Court also adopted the Magistrate Judge's recommendation regarding a stay, agreeing that Miller failed to identify any remaining remedies with respect to her grounds for relief. (*Id.*, PageID 295-96*)*. Miller now seeks reconsideration. (Doc. 27).

II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration. However, "[u]nder Rule 59(e), a party can move to 'alter or amend a judgment'" for any one of four reasons: "(1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 833 (6th Cir. 2019) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

A motion under Rule 59(e) is not to be used as a mechanism to relitigate a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018) ("Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected."), nor should it be used as a means to raise new legal arguments that could have been raised prior to the entry of judgment, *Exon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008).

### III. ANALYSIS

In her motion for reconsideration, Miller merely repeats the arguments already presented in her petition and subsequent filings. *See Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (noting that "reconsideration motions cannot be used as an opportunity to re-argue a case"). And although she also contends that a miscarriage of justice will occur if a procedural bar is enforced against her, Miller does not actually identify anything that would satisfy one of the prerequisites for reconsideration. Moreover, to the extent that Miller seeks to supplement her initial arguments, she may not do so at this time. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012).

Because a Rule 59(e) motion is an "extraordinary remedy" that "should be granted sparingly," *Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997), the Court uses its "informed discretion" and finds that reconsideration of this matter would be inappropriate, *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The "proper recourse" for Miller, then, is an appeal to the United States Court of Appeals for the Sixth Circuit. *Rheinfrank v. Abbott Lab'ys, Inc.*, 137 F.Supp.3d 1035, 1038 (S.D. Ohio 2015) (cleaned up).

### IV. CONCLUSION

Accordingly, the motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett
                                               United States District Judge